# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                    Case No.: 8:22-cr-3-WFJ-TGW

PEDRO MOISES-MARTINEZ
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Pedro Moises-Martinez, USM#: 02654-506, moves (Dkt. 123) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On November 8, 2022, Pedro Moises-Martinez was sentenced to 87 months in prison under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to U.S. jurisdiction. Mr. Moises-Martinez's total offense level was 29. He was assessed no criminal history points, and his criminal history was category I. Mr. Moises-Martinez's advisory sentencing range was 87-108 months, and he received a sentence at the bottom of the guidelines range. Defendant accepted responsibility and pled guilty. The Bureau of Prisons reports that his projected release is February 27, 2027.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Pedro Moises-Martinez is eligible for a sentence reduction and that a two-level decrease based on Amendment 821 reduces the offense level to 27 and reduces his advisory sentencing range to 70-87.

The Federal Defender appears, confirms Mr. Moises-Martinez's eligibility for a reduction, and moves unopposed to reduce his sentence to 70 months (a 17-month reduction in sentence), which is at the bottom of the amended guideline range.  Born into a poor family in Colombia, Defendant was 10 when his father left.  Defendant started work at 15 years of age.  Counsel requests consideration of post-sentencing conduct in determining whether a reduction is warranted.  U.S.S.G. 1B1.10, comment. (n.1(B)(iii)).  Counsel argues Defendant has done well during his incarceration—he engages in educational programming and maintains a UNICOR job and receives good reports.  He has only one disciplinary violation of being in an unauthorized area in January 2024.  Dkt. 112 at 3.

3

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and the Court finds the factors militate against a reduction. This was a large cocaine smuggling case where Movant and his two co-defendants resisted arrest. The Coast Guard was required to shoot out the engines on their vessel as it intercepted them in the Caribbean Ocean north of Aruba, a known drug-trafficking area. They benefited from the obstruction because it enabled them to jettison contraband, and only 110 kilos of cocaine were recovered.

18 U.S.C. § 3553(a)(1) requires the sentence to reflect the nature and circumstances of the offense. In these circumstances the Movant benefited from obstruction. Any further reduction would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction. Additionally, his post-incarceration violation does not support a reduction. Lastly, Defendant is subject to an ICE detainer and will likely be deported to Colombia.

Mr. Pedro Moises-Martinez's motion (Dkt. 123) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 25, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE